UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X   Index No.:
JOEY SALCEDO,

                            Plaintiff,                              **COMPLAINT**

        -against-

CRESTVIEW MOTEL, INC. individually and d/b/a/       Plaintiff Demands
HOLIDAY INN TOTOWA WAYNE and                 a Trial by Jury
MAHESH RATANI, individually,

                            Defendants.
-----------------------------------------------------------------X

Plaintiff, by and through his attorneys, Phillips & Associates, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## INTRODUCTION

1. Plaintiff brings this action charging that the Defendants violated his rights under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) (hereinafter "FLSA"), and seeks to recover unpaid back wages and an additional amount in liquidated damages, reasonable attorneys' fees and costs, and to remedy violations of the New Jersey Wage and Hour Law (hereinafter "NJWHL") based upon the supplemental jurisdiction of this Court pursuant to *Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. §1367.

2. Defendants have willfully refused to pay Plaintiff overtime wages owed to him for working hours more than 40 hours per week, at a rate of one and a half times his normal rate of pay.

## JURISDICTION AND VENUE

3. The Court has jurisdiction pursuant to 29 U.S.C. § 216(b); 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction thereto.

4. This action involves a Question of Federal Law.

5. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the District of New Jersey. 28 U.S.C. §1391(b).

## PARTIES

6. Plaintiff is a resident of the State of New Jersey, County of Bergen.

7. At all times material, Defendant CRESTVIEW MOTEL, INC. individually and d/b/a HOLIDAY INN TOTOWA WAYNE (hereinafter "HOLIDAY INN") was and is a domestic business corporation duly existing under the laws of the State of New Jersey.

8. At all times material, Defendant HOLIDAY INN owned and/or operated a Holiday Inn hotel located at 1 US Highway 46, Totowa, NJ 07512.

9. At all times material, Defendant MAHESH RATANJI (hereinafter "RATANJI") was and is a resident of the State of New Jersey and an owner of Defendant HOLIDAY INN.

10. At all times material, Defendant RATANJI was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

11. Defendant HOLIDAY INN and Defendant RATANJI are also hereinafter collectively referred to as "Defendants."

12. At all times material, Plaintiff was an employee of Defendants.

13. Plaintiff was engaged in commerce while working for Defendants.

14. Plaintiff was regularly engaged by Defendants to work more than 40 hours in a week without being paid the overtime premium pay for all hours worked more than 40 in a week, as required by the FLSA and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a4.

15. At all times material, Defendants employed two or more individuals "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce."

16. At all times material, Defendants grossed more than $500,000 in the past fiscal year.

## MATERIAL FACTS

17. In or around 2007, Plaintiff began working for Defendants as a bartender at Defendants' Holiday Inn hotel located at 1 US Highway 46, Totowa, NJ 07512.

18. Throughout Plaintiff's employment, Defendants paid him an hourly wage of $5.05 plus tips.

19. From the start of Plaintiff's employment, and lasting until January 1, 2017, Plaintiff generally worked six days per week and 70 hours per week on average for the Defendants.

20. Plaintiff's typical work schedule during this time period was: Monday, 4:00 p.m. to 11:00 p.m. (7 hours); Tuesday, 12:00 p.m. to 11 p.m. (11 hours); Wednesday, 12:00 p.m. to 11:00 p.m. (11 hours); Thursday, 12:00 p.m. to 11:00 p.m. (11 hours); Friday, 12:00 p.m. to Saturday, 3:30 a.m. (15.5 hours); and Saturday, 12:00 p.m. to Sunday, 3:30 a.m. (15.5 hours).

21. Starting in January 2017, Plaintiff generally worked five or six days per week and 43.5 hours per week on average for the Defendants.

22. For example, during the week of February 13, 2017, Plaintiff worked the following schedule: Monday, 6:00 p.m. to 11:00 p.m. (5 hours); Tuesday, 5:00 p.m. to 11:00 p.m. (6 hours); Wednesday, 5:00 p.m. to 11:30 p.m. (6.5 hours); Friday, 5:00 p.m. to Saturday, 3:30 a.m. (10.5); Saturday, 2:00 p.m. to Sunday, 2:30 a.m. (12.5 hours), and Sunday, 6:00 p.m. to Monday, 12:00 a.m. (6 hours).

23. Defendants did not pay any overtime compensation to Plaintiff for any workweek in which he worked in excess of 40 hours.

24. For example, during the week of February 13, 2017, Plaintiff worked 46.5 hours but did not receive any overtime compensation.

25. Defendants masked their obligation to pay Plaintiff overtime by failing to keep accurate time records of Plaintiff's hours of work.

26. Specifically, Defendants manually entered Plaintiff's hours of work into its payroll system so that Plaintiff's paychecks incorrectly reflected 40 hours of work or less every week.

27. On or about December 31, 2017, Plaintiff resigned his employment with Defendants.

28. Defendants were aware that federal and state laws required them to pay Plaintiff an overtime premium for hours worked in excess of 40 per workweek.

29. Defendants willfully violated the FLSA and the NJWHL by failing to pay Plaintiff the premium rate of one and half times the hourly rate for all hours worked over 40 per week.

30. Defendants' unlawful actions were a policy and/or plan implemented in Defendant's Totowa, NJ location.

31. Defendants' actions were willful.

32. Defendant RATANJI, as an owner of Defendant HOLIDAY INN, is individually and personally liable to Plaintiff for violations of the FLSA and the NJWHL.

### AS A FIRST CAUSE OF ACTION
### UNDER THE FAIR LABOR STANDARDS ACT
### OVERTIME

33. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

34. Defendants willfully employed Plaintiff for work weeks longer than 40 hours and failed to compensate Plaintiff at a rate of at least one and one-half times the rate at which he was employed.

35. Defendants failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. § 201, *et seq.* and its implementing regulations.

36. Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA was a direct violation of the FLSA, specifically 29 U.S.C. § 207.

37. Defendants' failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of 29 U.S.C. § 255.

38. Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF NEW JERSEY WAGE AND HOUR LAW
## OVERTIME

39. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

40. Plaintiff was an employee of Defendants within the meaning of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a4.

41. Defendants failed to pay Plaintiff a premium for hours worked in excess of 40 hours per week.

42. Defendants violated Plaintiff's rights to overtime pay under N.J.S.A. 34:11-56a4.

43. Because of such violations, Defendants are liable to Plaintiff for actual, statutory and liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants violated the Fair Labor Standards Act;

B. Declaring that the Defendants violated the New Jersey Wage and Hour Law;

C. Declaring that Defendants' violations of wage protections were willful;

D. Granting judgment to Plaintiff for his claims for unpaid wages as secured by the Fair Labor

Standards Act as well as an equal amount in liquidated damages;

E. Granting judgment to Plaintiff for his claims for unpaid wages as secured by the New Jersey Wage and Hour Law as well as an equal amount in liquidated damages;

F. Awarding damages to the Plaintiff for all lost wages and benefits, past and future, back pay and front pay and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

G. Awarding Plaintiff punitive damages;

H. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

I. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Princeton, NJ
October 24, 2018

Phillips & Associates, PLLC
*Attorneys for Plaintiff*

By: _____
Steven Siegler, Esq.
100 Overlook Center, 2nd Fl.
Princeton, NJ 08540
(609) 436-9087